IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO. 4:21-cv-3187 |
| v. | | JURY TRIAL DEMANDED |
| AMERICAN PIPING INSPECTION, INC. | | |
| Defendant. | | |

## ORIGINAL COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Stillman Laday ("Mr. Laday"). Defendant, American Piping Inspection, Inc., subjected Mr. Laday to racial harassment and discharged him because of race and in retaliation for reporting the harassment.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the State of Texas and, therefore, within the jurisdiction and venue of the United States District Court for the Southern District of Texas pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, American Piping Inspection, Inc. ("API"), has continuously been a corporation doing business in the State of Texas and has continuously had at least 15 employees.

5. At all relevant times, API has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days before the institution of this action, Mr. Laday filed a Charge of Discrimination with the Commission alleging violations of Title VII by API.

7. On or about September 18, 2020, the Commission issued API a Letter of Determination finding reasonable cause to believe that API violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with API to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about February 25, 2021, the Commission issued API a Notice of Conciliation Failure, advising API that the Commission was unable to secure a conciliation agreement from API acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least August 17, 2017, API has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a), by unlawfully harassing Mr. Laday and discriminating against him because of race.

    A. API provides pipeline and facilities inspection services. It has x-ray imaging devices to facilitate inspection and employs state-licensed Radiographers to use the devices.

    B. On or about August 17, 2017, Mr. Laday, who is African American, began employment with API as a Level II Radiographer based in API's Midland, Texas, branch office.

    C. Mr. Laday was the only African American Level II Radiographer employed in the Midland office during his employment.

    D. During Mr. Laday's employment with API, Chris Prine worked as API's Midland Operations Manager. API empowered Mr. Prine, as Operations Manager, to take tangible employment actions with respect to the Radiographers based in the Midland office, including Mr. Laday during his employment with API.

    E. Mr. Prine was Mr. Laday's supervisor within the meaning of Title VII.

    F. When Mr. Laday and his African American assistant first reported for work, Mr. Prine referred to Laday and the assistant as "Niggers" (hereinafter referred to as the

"N-word" in either singular or plural use) within the hearing of Mr. Laday, the assistant, and other employees.

G.  Mr. Laday complained of Mr. Prine's use of the N-word to Vice President David Alcorn.

H.  After Mr. Laday complained to Alcorn, Mr. Prine continued to use the N-word in Mr. Laday's presence.

I.  On one occasion, Mr. Prine used the N-word during an employee gathering in a RV park where he and other employees (including Mr. Laday) resided. Mr. Prine made numerous derogatory, race-based "jokes" in the presence of Mr. Laday and other employees at the gathering.

J.  Included in the "jokes" that Mr. Prine subjected Mr. Laday was: "What is the best way to see black man? At the end of a scope." While Mr. Prine made this supposed "joke," he gestured as if aiming a firearm at Mr. Laday, which Laday found — and a reasonable person would find — intimidating and unwelcome.

K.  In August 2018, Mr. Laday approached Mr. Prine directly and complained of, and opposed, his use of the N-word and his racial comments/"jokes." Mr. Prine dismissively said he had a right to use the word and would subsequently mock-apologize — sarcastically stating, "I'm sorry, I've offended Stillman" — when Mr. Prine continued using the N-word and making racially offensive remarks.

L.  In July or August 2018, Mr. Laday complained again to Vice-President David Alcorn about Mr. Prine's use of the N-word and racial comments, yet nothing was done to stop Mr. Prine from using this racially offensive language.

M. API knew or should have known of the harassment about which Mr. Laday complained, and it failed to prevent or promptly remedy the harassment to which he was subjected.

N. API did not discipline Mr. Prine for the conduct about which Mr. Laday complained.

O. API did not have an effective mechanism, or otherwise take reasonable care, to prevent or correct the unlawful harassment in the workplace.

P. Mr. Prine's conduct towards Mr. Laday, including the use of the N-word and other racially offensive remarks, was based on Mr. Laday's race, was unwelcome, and was adequately severe or pervasive to affect a term, condition, or privilege of Mr. Laday's employment.

Q. Starting on or about August 16, 2018, API began to issue written discipline to Mr. Laday for allegedly violating the company's policy on x-ray imaging device storage and log-keeping.

R. In one or more instances, API issued Mr. Laday written discipline for purported violations when, in fact, Mr. Laday did not violate the company's policy.

S. During the same time frame, other than an initial warning received by all Radiographers who attended a staff meeting on the policy, no White Radiographer was issued written discipline for a violation of the policy when he or she had not violated the policy.

T. On or about September 21, 2018, David Alcorn discharged Mr. Laday, ostensibly for committing infractions of the imaging device policy in August and September 2018. API's stated reason for discharging Mr. Laday was false.

U. During the period of July to December 2018, at least ten White Radiographers committed one or more similar infractions of the imaging device policy without any form of discipline or lesser discipline than Mr. Laday.

V. API disciplined Mr. Laday more harshly than White Radiographers who had committed similar or greater infractions of the imaging device policy.

W. During the period of July to December 2018, several White Radiographers committed more than one infraction of the imaging device policy, but no White Radiographer was discharged for violating the imaging device policy.

X. API subjected Mr. Laday to a hostile work environment, and discharged him, because of race.

12. Since at least August 17, 2017, API has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-3(a), by unlawfully retaliating against Mr. Laday for engaging in activity protected by Title VII.

A. As alleged above, Mr. Laday complained to Mr. Prine about his use of the N-word and race-based conduct, beginning in or about August 2018.

B. As alleged above, Mr. Laday complained to Vice-President David Alcorn about Mr. Prine's use of the N-word, beginning in or around July or August 2018.

C. As alleged above, in or around August and September 2018, API disciplined Mr. Laday in writing, ostensibly for violations of a company policy which he did not, in fact, violate.

D. In September 2018, API discharged Mr. Laday, purportedly for violations of a company policy.

  E. API did not discharge Radiographers who had committed similar violations of the same policy during the same time period, but who had not opposed an unlawful employment practice or otherwise engaged in activity protected under Title VII.

  F. API unlawfully discharged Mr. Laday in retaliation for opposing an unlawful employment practice or for otherwise engaging in activity protected by Title VII.

 13. The effect of API's unlawful employment practices complained of herein has been to deprive Mr. Laday of equal employment opportunities and otherwise adversely affect his status as an employee based on race, and because he engaged in activity protected by Title VII.

 14. As a result of API's unlawful actions, Mr. Laday suffered pecuniary, non-pecuniary, and other losses and damages.

 15. The unlawful employment practices complained of above were intentional.

 16. The unlawful employment practices complained of above were done with malice and/or reckless indifference to Stillman Laday's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining American Piping Inspection, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its employees on the basis of race and because of activity protected by Title VII.

  B. Order American Piping Inspection, Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities for African

American applicants and employees and that eradicate the effects of its past and present unlawful employment practices.

  C. Order American Piping Inspection, Inc. to make Mr. Laday whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

  D. Order American Piping Inspection, Inc. to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

  E. Order American Piping Inspection, Inc. to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

  F. Order American Piping Inspection, Inc. to make Ms. Laday whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

  G. Order American Piping Inspection, Inc. to make Mr. Laday whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  H. Order American Piping Inspection, Inc. to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

                Respectfully submitted,

**GWENDOLYN YOUNG REAMS**
Acting General Counsel
U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

**RUDY L. SUSTAITA**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office

**KATHY D. BOUTCHEE**
Supervisory Trial Attorney
Houston District Office

/**s**/ Claudia Molina-Antanaitis
**CLAUDIA MOLINA-ANTANAITIS**
Trial Attorney
**Attorney-In-Charge**
Maryland Bar No. 0212180252
Southern Dist. Of Texas No. 1037069
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 6th Floor
Houston, Texas 77002
Phone: 346-327-7711
Facsimile: 713 651-7995
claudia.molina@eeoc.gov

**COUNSEL FOR PLAINTIFF**

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

ORVILLE J. MCBRIDE
17110 EAST PINE STREET
TULSA, OKLAHOMA 74116